IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JILL FARLEY,

                Plaintiff,

v.                                            CIVIL ACTION NO.  3:16-00186

CABELL COUNTY BOARD
OF EDUCATION,

                Defendant.

**ORDER**

Pending before the Court is Defendant's Motion to Strike Plaintiff's Untimely Filed Motion For Summary Judgment (ECF No. 81). As explained below, the Court **GRANTS** Defendant's Motion to Strike. The Court **ORDERS** that Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Support of Summary Judgment in Favor of Plaintiff (ECF No. 77) remain on the docket, however, the Court will interpret it as merely a response to Defendant' Motion for Summary Judgment (ECF No. 75).

The issue that currently confronts the Court arises out of the pleadings subsequent to Defendant's Motion for Summary Judgment (ECF No. 75). Defendant properly filed that motion on November 13, 2017. Under the Second Amended Scheduling Order (ECF No. 50), November 13, 2017 was the last day to file a dispositive motion. *See Second Amend. Scheduling Order*, ECF No. 50, at 1. Plaintiff then filed a pleading that purports to be the response to Defendant's Motion for Summary Judgment.

That pleading, entitled Plaintiff's Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment and in Support of Summary Judgment in Favor of Plaintiff," appears to both respond to Defendant' Motion for Summary Judgment and to request summary judgment in favor of the Plaintiff. Plaintiff filed this pleading on November 22, 2017, within the time allocated for a response. *See* LR Civ. P. 7.1(a)(7). However, Plaintiff filed this pleading nine days after the deadline to file dispositive motions under the Second Amended Scheduling Order. Additionally, the Court had not received any request to extend that deadline. Therefore, the Court finds that any motion made by Plaintiff for summary judgment in her favor is untimely, and it shall not be considered as such.

In its Motion to Strike, Defendant requests "an order striking those portions of Plaintiff's [Response] which seek summary judgment." *Def.'s Mot. to Strike*, ECF No. 81, at 3. While Defendant is correct that any motion for summary judgment made by Plaintiff in that pleading is untimely, the Court finds that striking portions of the pleading would be difficult in light of the format of Plaintiff's "response." Therefore, the Court will interpret the filing as a response and will disregard any request for summary judgment in Plaintiff's favor that is made in that pleading. However, to the extent that Platiniff's pleading, ECF No. 77, constitutes a motion for summary judgment in Plaintiff's favor, it is **STRICKEN**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unpresented parties.

ENTER: December 4, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE